No. 05-631

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 173N

_____

RENA SCHISLER,

　　　　Plaintiff and Appellant,

　　v.

BEAVERHEAD COUNTY, a Political Subdivision of
the STATE OF MONTANA,

　　　　Defendant and Respondent.

_____

APPEAL FROM:　　District Court of the Fifth Judicial District,
　　　　　　　　In and for the County of Beaverhead, Cause No. DV 03-12653
　　　　　　　　The Honorable Loren Tucker, Judge presiding.

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　W. M. Hennessey, Hennessey Law Office, PLLC, Butte, Montana

　　　　For Respondent:

　　　　　　Allen B. Chronister, Harlen, Chronister, Parish & Larson, P.C., Helena,
　　　　　　Montana

_____

　　　　　　　　　　　　Submitted on Briefs:　July 12, 2006

　　　　　　　　　　　　　　　　Decided:　July 25, 2006

Filed:

　　　　　　_____
　　　　　　　　　　　　Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Rena Schisler (Schisler) entered a guilty plea on June 18, 1997, to two counts of felony forgery. The court imposed a three-year deferred imposition of sentence subject to restrictions, including a requirement that Schisler pay restitution. Schisler had several other minor brushes with the law before the State finally filed a "Motion for Order Revoking Deferred Sentence and for Warrant of Arrest" on October 19, 2000. The State based its motion on the fact that Schisler had received a citation for stalking, a speeding citation, an obstruction of justice citation, and had been charged in a separate felony case of issuing bad checks. The court issued a warrant of arrest and the State arrested Schisler. She made her initial appearance on the warrant before the Justice of the Peace in Beaverhead County on October 30, 2000. The State held Schisler in Beaverhead County jail in lieu of a $5,000 bond.

¶3 Schisler then apparently attempted suicide. The State admitted her to Warm Springs State Hospital on October 31, 2000. On that same date, the State charged Schisler in Butte Silver Bow County with issuing bad checks, a felony. The State released Schisler from Warm Springs on January 10, 2001, and promptly reincarcerated

her in the Beaverhead County jail based on the October 25, 2000, warrant. The State eventually released Schisler from jail on March 10, 2001.

¶4 Schisler filed an action on October 23, 2003, against Beaverhead County based upon the events that began with her sentence in 1997. Count One of Schisler's complaint, brought pursuant to 42 U.S.C. § 1983, alleged that Beaverhead County had incarcerated her as a result of the "illegal and improper" 1997 sentence. Count Two alleged a claim for false arrest and imprisonment based upon the fact that her 1997 sentence was "illegal" and therefore tainted any subsequent proceedings.

¶5 Beaverhead County moved for summary judgment on both counts and the court held a hearing. At the hearing, the court orally granted Beaverhead County's motion for summary judgment on Count Two based upon expiration of the applicable statute of limitations. As to Count One, the court granted Schisler leave to file a supplemental brief on the issue of whether the County could be found liable based upon the theory of respondeat superior. The parties submitted supplemental briefing on this issue and Schisler also filed a motion for leave to file an amended complaint.

¶6 The District Court issued an order on August 18, 2005, denying Schisler's motion for leave to amend the complaint. The Court determined that it was improper for a party to move to amend the complaint while a motion for summary judgment was pending. The court, by separate order that same date, granted summary judgment in Beaverhead County's favor on Count One. The Court determined that a § 1983 claim against a governmental entity may not be based upon the theory of respondeat superior. The court further determined that Schisler had not been able to identify any policy of Beaverhead

3

County that caused a deprivation of her constitutional rights. She now appeals.

¶7 We review *de novo* a district court's decision to grant summary judgment based on the same criteria applied by the Court. *Hardy v. Vision Service Plan*, 2005 MT 232, ¶ 10, 328 Mont. 385, ¶ 10, 120 P.3d 402, ¶ 10. We must determine whether the district court correctly found that no genuine issues of material fact existed and whether it applied the law correctly. *Hardy*, ¶ 10.

¶8 Schisler argues on appeal that the District Court failed to address the material issue of fact that Beaverhead County failed to comply with the requirements set forth in § 46-23-1012, MCA (1999), that a probationer be afforded a hearing within 36 hours of the State arresting her. Schisler further asserts that a question of material fact existed as to whether Beaverhead County denied her liberty in violation of her right to due process of law. Beaverhead County responds that it is not responsible for the hearing required by § 46-23-1012, MCA (1999), and that none of its employees were involved in Schisler's incarceration.

¶9 We have determined to decide this case pursuant to Section I, paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provides for memorandum opinions. It is manifest on the face of the briefs and record before us that Schisler's appeal lacks merit. Settled Montana law clearly controls the legal issues presented and the District Court correctly interpreted these legal issues.

¶10 Affirmed.

/S/ BRIAN MORRIS

We Concur:


/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE